1 | Matthew D. Diamond
2 | Susan E. Diamond
    | 3120 E. Kesler Ln.
3 | Gilbert, AZ 85295
    | (480) 279-4336
4 | Pro Se Plaintiffs

FILED ___ LODGED
___ RECEIVED ___ COPY

APR 1 5 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY ___ R DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew D. Diamond and | ) |
| Susan E. Diamond, | ) |
| Plaintiffs, | ) Case No. 2:09-cv-001593-FJM |
| Vs. | ) |
| OneWest Bank, FSB as successor by | ) |
| acquisition of Indymac Federal Bank,FSB; | ) |
| IndyMac Mortgage Services, a division of | ) **PLAINTIFFS REQUEST FOR EXPEDITED** |
| OneWest Bank,FSB; Mortgage Electronic | ) **HEARING ON TEMPORARY RESTRAINING** |
| Registration Systems, Inc., a Delaware Corp. | ) **ORDER AND MOTION FOR PRELIMINARY** |
| X Corporations 1-10; | ) **INJUNCTION PREVIOUSLY FILED WITH THE** |
| John Does 1-10. | ) **COURT;** |
| Defendants | ) **REPLY TO DEFENDANTS RESPONSE TO** |
| | ) **PLAINTIFFS APPLICATION FOR TEMPORARY** |
| | ) **RESTRAINING ORDER AND MOTION FOR** |
| | ) **PRELIMINARY INJUNCTION** |

Plaintiffs request an expedited hearing on their application for a Temporary Restraining Order and Motion for Preliminary Injunction filed with the court on March 25, 2010 [**See** Dkt. 52-55]. A Notice of Trustee's sale for Plaintiffs residence is scheduled for April 30, 2010.

Plaintiffs further reply to Defendants Response to Plaintiffs Application for the aforesaid Temporary Restraining Order and Motion for Preliminary Injunction. This Request for an expedited hearing and Motion for a Preliminary Injunction, and Plaintiffs Reply to Defendant's Response [See Dkt 58] is supported by the following Memorandum of Points and Authorities.

DATED this 15th day of April, 2010.

Respectfully submitted,

Matthew Diamond

Susan Diamond

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs seek injunctive relief enjoining a non-judicial trustee's sale scheduled for April 30, 2010, until such time as the Court rules on various Motions for Dismissal filed by Defendants during the last eight months. Plaintiffs have fully responded to Defendants Motions to Dismiss.

Only one of Defendant's Motions to Dismiss sought to dismiss Plaintiffs Complaint in its entirety and that is Defendants argument that Plaintiff Matthew Diamond did not have authority during the course of his Bankruptcy to have executed a subject loan modification and further that no reaffirmation of the subject deed of trust occurred. Plaintiff fully responded to this Motion to Dismiss. Defendants remaining Motions to Dismiss during the course of the past eight months sought to dismiss only some of Plaintiffs seven causes of action.

While the loan modification is important to Plaintiffs Complaint, it is not the "centerpiece of the litigation" as argued by Defendants. An important cause of action in Plaintiffs Complaint is whether Defendant OneWest in fact has the authority as the purported beneficiary to have authorized the Trustee's Sale scheduled for April 30, 2010. That issue remains before the court in Plaintiffs Complaint and Defendants Motions to Dismiss.

Absent injunctive relief, the Trustee's Sale will proceed without the court having ruled on the Motions to Dismiss before it or on the merits of the case including the right of OneWest to have authorized the Trustee's Sale. Said Trustee's Sale, if not enjoined and if it proceeds to

1   sale, will result in further litigation by Plaintiffs in Federal or State Court seeking to quiet title to

2   the premises based on an invalid Trustee's Sale and seeking to set aside any conveyances

3   thereafter by the Trustee.

4          Defendants seek to absolve themselves of liability insofar as Plaintiffs not having made

5   payments since February, 2009, when in fact Defendants themselves are its cause by refusing

6   scheduled payments tendered and due under the subject loan modification in said Complaint.

7          Plaintiffs in their Application for a Temporary Restraining Order and Motion for a

8   Preliminary Injunction requested that they not be required to post a bond for the reasons as set

9   forth therein and Plaintiffs will not further burden the Court with repeating those reasons.

10  Plaintiffs further argue that Defendants estimate of a bond amount of at least $102,165.90

11  based on a loan modification payment of $3403.53 per month for 30 months is not only

12  inaccurate but unjust. The loan modification payment was originally set for one month at

13  $3403.53 and adjusted to $2771.16 for subsequent months which Plaintiff paid until payments

14  were subsequently refused by Defendants based on an alleged invalid loan modification.  **[See**

15  Dkt. 1, par. 28, pg. 11 Plaintiffs Complaint].   Defendants now wish to require payments from

16  Plaintiffs under a loan modification amount that they had refused payments under after

17  alleging that the loan modification was invalid.

18         Further showing the dysfunction of Defendants and their record keeping is the fact that

19  IndyMac Mortgage Services sent Plaintiff Matthew Diamond a notification that his adjustable

20  rate mortgage had been readjusted as of October 1, 2009, to a total payment of $1947.84

21  which was never reflected in the October 1, 2009 Billing Statement as promised. **[See Exhibit**

22  **A]**.

23         Plaintiffs argue that while the requirement of a bond would be unjust and burdensome

24  to them as argued in this Motion and in their Application for a TRO and Preliminary Injunction,

25  that issue could be properly addressed after a Temporary Restraining Order is issued by the

26  Court to enjoin the scheduled Trustee's Sale on April 30th, 2010.

27  II.      <u>IT IS LIKELY THAT PLAINTIFFS WILL SUCCEED ON ALL OR SOME OF THE MERITS</u>

28         A.      <u>Standard.</u>

1    Plaintiffs request for a TRO and preliminary injunction clearly demonstrates a

2  combination of probable success on the merits and the possibility of irreparable harm and that

3  serious questions are raised as to the merits of the party's claims and that the balance of

4  hardships tips sharply in the party's favor as referenced by case law. In addition to the facts as

5  stated in Plaintiffs application is the significant harm to Plaintiffs and resultant litigation that

6  will occur should the Trustee's Sale on April 30, 2010, not be enjoined before the Motions to

7  Dismiss are ruled upon by the court and the merits of the case be heard, in particular as to the

8  right of OneWest as the purported beneficiary to have authorized said sale.

9    Plaintiffs Motion for a TRO does not rely solely on their claim that they are validly

10  entitled to rescind the mortgage loan under their "TILA" claim as argued by Defendants.

11  Defendants conveniently ignore the other causes of action shown in Plaintiffs Complaint

12  supported by facts which show probable success on the merits of some or all of them. The

13  validity of the loan modification has been supported by Plaintiffs claims in their Complaint and

14  in their responses to Defendants Motions to Dismiss and is not void as a matter of law. Plaintiffs

15  incorporate all arguments addressed in all prior and pending filings in this reply.

16    **B.** **Plaintiffs TILA Claim for Rescission Will Succeed**

17    Plaintiffs have clearly shown in their Complaint and responses to  Defendants Motions

18  to Dismiss that Defendant IndyMac Federal Bank, F.S.B. violated the TILA requirements by

19  failing to provide notice of rescission documents to Plaintiffs.  In any case, this is only one of

20  Plaintiffs seven causes of action and is not in and of itself a legal argument that Plaintiffs

21  Motion for a TRO and Preliminary Injunction not be issued by the court.    Plaintiffs incorporate

22  all arguments addressed in all prior and pending filings in this reply.

23    **C.** **The Alleged Loan Modification Is Valid as a Matter of Law**

24    All of Plaintiffs claims do not entirely revolve around the loan modification as argued by

25  Defendants.  Defendants argue in their latest Motion to Dismiss that the loan modification was

26  invalid because the property was part of Plaintiff Matthew Diamond's Bankruptcy Estate at the

27  time of its execution.  Plaintiffs have disposed of this argument in their response to Defendants

28  Motion to Dismiss for that reason [**See** Dkt. 50].  Again, aside from that argument and once

more ignored by Defendants, are Plaintiffs other causes of action of which at least some would survive a ruling by the court that the loan modification was invalid for that reason.

Plaintiffs incorporate all arguments addressed in all prior and pending filings in this reply.

## III.   IRREPARABLE INJURY, BALANCE OF HARDSHIPS, AND PUBLIC INTEREST

Defendant's arguments that Plaintiffs are being enriched at the expense of the note holder (who has not yet been identified), that they are living rent free,  and are not being harmed is disingenuous. Defendants are themselves the cause of the lack of payments by their refusal to accept validly scheduled and tendered payments and now seek to blame Plaintiffs for their misfortune. Furthermore, as stated in Plaintiffs Complaint and Motion for TRO and Preliminary Injunction, the emotional stress of living with the uncertainty of an impending wrongful foreclosure and the prospect of having to move certainly constitutes significant "harm".

Defendants argument  is invalid in that if the note holder is not allowed to foreclose "it is possible the note holder will be irreparable harmed if the property value declines over time (i.e., it cannot sell it a  higher market value)".  The note amount of the subject deed of trust is $540,000 which is the advertised sale price for the Trustee's Sale.  The current approximate appraised value of the property is $330,000 which is the most the note holder could expect to receive at a sale from a prospective bidder.

The market value of the property, as with most other properties, has already suffered the worst of the loss of value.  If anything, similar properties are beginning to show an upswing in value according to real estate agents.  If the foreclosure is allowed to proceed, the note holder would likely be unable to quickly sale the property, resulting in it being vacant and subject to vandalism.  As argued in Plaintiffs TRO Defendants are in fact benefiting from Plaintiffs residing on the property and taking care of it, while at the same time realizing a probable increase in its value.  Defendants would further benefit from not having to defend litigation from Plaintiffs in a Quiet Title Action against it or a successful bidder at the sale based

1   on an invalid Trustee's Sale.   Plaintiffs incorporate all arguments addressed in all prior and

2   pending filings in this reply.

3   **IV.**   **PLAINTIFFS SHOULD NOT BE REQUIRED TO POST A BOND AT THIS TIME IF A**

4   **RESTRAINING ORDER OR INJUNCTION ISSUES TO SECURE DEFENDANTS POTENTIAL**

5   **DAMAGES**

6        Defendants argue that Plaintiffs must by law (Rule 65c) provide security in the form of

7   a bond.  However, because a court has discretion as to the amount of the security required, a

8   court can waive the security requirement.  *Barahona-Gomez v. Reno,* 167 F.3d 1228, 1237

9   (9thCir. 1999).  Valid concerns in setting the security aside include the cost to the defendant if

10  later found to have been wrongfully enjoined, the public interest underlying the litigation, and

11  the unremarkable financial means of the plaintiff.  *Id.*

12       Plaintiffs have limited financial means as set forth in their Motion for a TRO and

13  Preliminary Injunction and a bond would impose a severe financial hardship.  Further, the

14  public has a significant interest in preventing foreclosures and in particular wrongful

15  foreclosures because of the proven reduction in adjoining property values that it causes.

16  Defendant's costs in this litigation and lack of payments from Plaintiffs have been at their own

17  doing in refusing payments from Plaintiffs.

18       Plaintiffs further repeat their arguments in par. 4-25, pg. 3 of this Motion that

19  Defendants "calculations" of a bond amount based on a payment schedule in a loan

20  modification that they alleged was invalid and refused payments under after accepting them

21  for four months, should now be the guideline for the bond amount.  This is disingenuous.  In

22  any case the amounts cited are inaccurate and again unjust and do not reflect current market

23  rental amounts for comparable properties.

24       As previously argued by Plaintiffs in this Motion and in their TRO, Defendants are in fact

25  benefiting from having Plaintiffs live on and protect the property during this litigation in lieu of

26  the property being subject to vandalism while vacant if foreclosed upon, and at the same time

27  also benefiting from a probable increase in the property market value.  Plaintiffs incorporate all

28  arguments addressed in all prior and pending filings in this reply.

**V.    CONCLUSION**

Plaintiffs request that the Court issue a Temporary Restraining Order enjoining the Trustee's Sale scheduled for April 30, 2010, and issue an Order to Show Cause for a Preliminary Injunction since Plaintiffs will likely succeed on all or some of its claims.  As argued by Plaintiffs in this Motion and all pleadings in this litigation, if the foreclosure is allowed to proceed, the result will only be further litigation based upon the legal right of OneWest Bank as the purported beneficiary to have authorized the Trustee's Sale.

Plaintiffs further request that the TRO be issued without bond for the reasons as set forth in this Motion.

Defendants statements that Plaintiffs are "living rent free during the pendency of this action as they have stopped tendering payments to Defendants for the property" is false as Plaintiffs have tendered payments which have been refused by Defendants.  Defendant's predicament is their own doing.

Dated this 15th day of April, 2010.


Respectfully submitted,

Matthew Diamond

Susan Diamond


**CERTIFICATE OF SERVICE**

I, Susan Diamond, hereby certify that service of the foregoing document was made on April 15th, 2010, by: Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:

Quarles & Brady, LLP

Attn: Ryan Shawn Patterson/John Maston O'Neal

1 | Two North Central Avenue

2 | Phoenix, AZ 85004-2391

3

4 | *Susan Diamond*

5 | Susan Diamond

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IndyMac Mortgage Services,**
a division of OneWest Bank. FSB
6900 Beatrice Drive • Kalamazoo. MI 49009

August 10, 2009

#BWNDXCT
#6684886192003087#

003331/SL071/C3LT

Matthew D. Diamond
3120 E. Kesler Ln
Gilbert AZ  85297

**MORTGAGE LOAN NUMBER: 3002916884**
**PROPERTY ADDRESS:**   3120  East Kesler Lane
                               Gilbert AZ  85297

Your Adjustable Rate Mortgage is scheduled for an interest rate and payment change.

A new interest rate of 3.62500% is effective September 01, 2009.  As a result of this rate change, your new mortgage payment is $1,630.16.  This new payment, due October 01, 2009 will be reflected on your October 01, 2009 billing statement.

Below is a summary review of this interest rate and resulting payment change.

|  | PRIOR | NEW |
|---|---|---|
| **Interest Rate Calulation** |  |  |
| Index | * | 0.92500% |
| Margin | 2.75000% | 2.75000% |
| Interest Rate | 7.37500% | 3.62500% |
| **Payment Breakdown** |  |  |
| Principal & Interest | $3,316.53 | $1,630.16** |
| Escrow/Insurance |  | $317.68 |
| Total Payment |  | $1,947.84 |

\* Your original interest rate was not based on an index.
\*\* New principal and interest payment calculated using a projected principal balance of **$539,638.72**

Your new interest rate was calculated using the margin plus index method.  Please note that there may be times when this interest rate does not equal the index plus margin.  This is due to the terms of your note capping the change in the interest rate or rounding the result of the index plus margin.

Please be advised that this statement is not an attempt to collect a debt.  It is for informational purposes only.

If you have questions, please contact our Customer Service Department at **(800) 781-7399.** Representatives are available Monday through Friday, from 5:00 a.m. until 6:00 p.m. (PT).

**EXHIBIT A**