**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew D. Diamond; Susan E. Diamond, Plaintiffs, vs. One West Bank, et al., Defendants. | No. CV-09-1593-PHX-FJM **ORDER** |

The court has before it plaintiffs' motion for temporary restraining order and preliminary injunction (doc. 52), defendants' response (doc. 58), plaintiffs' reply and request for expedited hearing (docs. 59, 60). We also have before us defendants' motion to dismiss (doc. 19), plaintiffs' response (doc. 25), defendants' reply (doc. 28), defendants' supplemental briefing on their motion to dismiss (doc. 38), plaintiffs' response (doc. 43), and defendants' reply (doc. 50).

**I**

On June 8, 2005, plaintiff Matthew Diamond purchased a residence in Gilbert, Arizona as his sole and separate property. On August 10, 2006, he executed a promissory note and deed of trust, identifying Taylor, Bean & Whitaker Mortgage Corporation as the original lender. Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as nominee for the lender, was appointed beneficiary and Fidelity National Title was appointed

trustee. The loan was then sold or otherwise transferred multiple times. It was first transferred to IndyMac Bank, which was eventually closed by the office of Thrift Supervision and its assets were transferred to IndyMac Federal Bank ("IndyMac Federal"). Defendants allege that on or about March 19, 2009, IndyMac Federal transferred its assets, including its interest in the Gilbert residence, to OneWest Bank. OneWest Bank claims to be the current beneficiary under the deed of trust.

In 2008, Matthew Diamond fell behind in payments on the note. In July 2008, he entered into a loan forbearance plan with IndyMac Federal, which required him to make three increased payments. He was told that upon satisfactory completion of the forbearance plan, he would be considered for a loan modification. Complaint, exhibit D. He successfully made the payments under the forbearance plan and was notified that he had "been approved for a Loan Modification, which adds the past due payments to your loan balance." Id., exhibit E. His new monthly payment was set at $3,688.52. Diamond was instructed to sign the modification agreement and send the specified deposit no later than October 16, 2008. He sent the executed agreement and deposit to IndyMac Federal on October 9, 2008. Diamond alleges that he made, and IndyMac Federal accepted, payments under the loan modification agreement for a period of four months, from November 2008 through February 2009.[1]

In March 2009, IndyMac Federal transferred substantially all of its assets to OneWest Bank and IndyMac Mortgage was appointed the new servicer of the loan. IndyMac Mortgage refused Diamond's March 2009 payment, denying that there was a valid loan modification agreement because the agreement had not been approved by the "investors." Diamond sent IndyMac Mortgage a "Qualified Written Request" pursuant to 12 U.S.C. § 2605(e)(1)(B), inquiring about the identity of the note holder and the status of his loan modification. Diamond claims IndyMac Mortgage's response was inadequate.

---

[1] Plaintiff claims that IndyMac Federal subsequently orally modified the monthly loan payment amount to $2,771.16.

- 2 -

Matthew and Susan Diamond filed this action against OneWest Bank, IndyMac Mortgage and MERS asserting seven causes of action: (1) invalid notice of trustee's sale, (2) breach of contract, (3) breach of the covenant of good faith and fair dealing, (4) non-default of deed of trust, (5) rescission of loan, (6) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, and (7) unjust enrichment. Plaintiffs now seek a temporary restraining order and preliminary injunction enjoining the noticed sale of their residence. Defendants move to dismiss each of the claims.

In granting or denying a temporary restraining order or preliminary injunction, we consider (1) the likelihood of success on the merits, (2) the possibility of irreparable injury, (3) the balance of equities, and (4) the public interest. Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008). In evaluating the likelihood of success on the merits, we first turn to defendants' motion to dismiss.

**II**

Defendants first contend that Susan Diamond does not have standing to assert counts 2 through 7. Matthew Diamond executed the deed of trust on the Gilbert residence on August 10, 2006, as his sole and separate property. Only Matthew executed the loan modification agreement. Counts 2, 3, 4, and 7 each assert what amount to breach of contract claims related to the loan modification agreement. Because Susan Diamond was not a party to either the original note and deed of trust or the loan modification agreement, she has no standing to assert these claims.

Similarly, count 6 of the complaint alleges disclosure deficiencies with respect to the loan modification agreement in violation of RESPA,[2] and count 5 asserts rescission rights under the Truth in Lending Act, 15 U.S.C. § 1635(b) ("TILA"). But because Mrs. Diamond was not a party to the modification agreement, she had no standing to a assert either RESPA or TILA claims. Counts 2 through 7 asserted by Susan Diamond are dismissed.

---

[2] Plaintiff clarifies that, although designated a claim under TILA, count 6 was intended to assert a claim under RESPA. See Response at 12.

**III**

Defendants argue in their supplemental briefing that each of the claims related to the alleged loan modification agreement (counts 2 through 7) must be dismissed because Matthew Diamond was without legal authority to modify the loan.

Matthew and Susan Diamond filed a voluntary Chapter 7 bankruptcy petition on July 21, 2008, listing the Gilbert residence as an asset. Once a Chapter 7 bankruptcy case is filed "all legal or equitable interests of the debtor in property as of the commencement of the case" become the property of the bankruptcy estate, 11 U.S.C. § 541(a)(1), and the trustee is granted broad statutory powers to administer the assets, id. § 704. Defendants now argue that because the Gilbert residence was an asset of the bankruptcy estate at the time the loan modification agreement was executed on October 9, 2008, Diamond had no authority to modify the loan and therefore the agreement is void.

The cases relied upon by defendants are inapposite. In In re Griffin, 330 B.R. 737, 740 (W.D. Ark. 2005), and In re Smith, 185 B.R. 285, 292 (Bankr. N.D. Ill. 1995), the courts held that a trustee, as opposed to a debtor, has standing to assert a cause of action belonging to the estate. In re Newgent Golf, Inc., 402 B.R. 424, 432-33 (Bankr. M.D. Fla. 2009), and Motor Carrier Audit & Collection Co. v. Lighting Prods. Inc., 113 B.R. 424, 426 (N.D. Ill. 1989), stand for the proposition that a debtor lacks legal authority to dispose of property of the estate. The facts is this case are distinguishable. We are not presented with a debtor asserting a cause of action belonging to the estate or attempting to dispose of an estate asset. There is no challenge by a trustee of a debtor's unauthorized act. There is no allegation that the trustee made any effort to challenge the loan modification agreement on behalf of the estate.

In the instant case, IndyMac Federal, OneWest Bank's predecessor, notified Diamond that his loan modification had been approved. Based on that approval, Diamond complied with the terms of the modified agreement by making monthly payments and by continuing to keep payments on his second mortgage current. IndyMac Federal accepted those payments for four months.

Defendants have cited no authority to support the proposition that, after the estate is fully administered and closed, a party other than the trustee can rely on the Bankruptcy Code to nullify a contract, that it otherwise affirmed and that the parties relied upon. We reject such an inequitable result.

We also reject defendants' argument that IndyMac Federal is a necessary party under Rule 19(a)(1)(B), Fed. R. Civ. P. Defendants acknowledge that on or about March 19, 2009, "IndyMac Federal transferred the assets (including the [Gilbert residence]) to OneWest." Motion to Dismiss at 2. Defendants do not contend that IndyMac Federal has any ongoing interest in the Gilbert residence or rights or obligations under the loan modification agreement. They have failed to present a cogent argument that IndyMac Federal is a necessary party to this action.

**IV**

Defendants also argue that plaintiffs have failed to state a claim against MERS. We agree. MERS is referenced in only one of plaintiffs' seven causes of action. In count 1 (invalid notice of trustee's sale), plaintiffs contend that MERS was named as the original beneficiary in the deed of trust and that there is no document of record showing that MERS assigned its beneficial interest in the property to OneWest Bank. Without a document of record, they conclude that OneWest is without authority to conduct a trustee's sale.

This cause of action is properly asserted against OneWest Bank only. The only relief requested is that OneWest provide documentation showing that it has authority as the beneficiary to authorize a trustee's sale. No relief is requested against MERS and it is not a necessary party to the resolution of this issue. Defendants' motion to dismiss MERS is granted.

**V**

Defendants next contend that Diamond fails to state a valid claim against IndyMac Mortgage. The complaint can be fairly read to assert four claims against IndyMac Mortgage. In count 2, Diamond alleges that OneWest Bank and IndyMac Mortgage, as successors to

1  IndyMac Federal, breached the loan modification agreement by repudiating the agreement
2  and refusing to accept his payments.

3  Diamond recognizes, however, that IndyMac Mortgage succeeded IndyMac Federal
4  as "the loan servicer," Complaint ¶¶ 43, 148, and that at the time he attempted to rescind his
5  loan, OneWest was the "creditor," id. ¶ 148.  As the loan servicer, IndyMac Mortgage has
6  no beneficial interest in the note and was not a party to the loan modification agreement, but
7  instead acted only to "collect payments."  Diamond has failed to state a breach of contract
8  claim against IndyMac Mortgage.

9  For the same reason, we dismiss count 3 (breach of the covenant of good faith and fair
10 dealing) and count 4 ("non-default") against IndyMac Mortgage.  There is neither a contract
11 between Diamond and IndyMac Mortgage nor a special relationship that would otherwise
12 support either of these claims.  Moreover, Diamond's claim for "non-default" is not
13 cognizable as a separate claim under either federal or state law.

14 Finally, defendants move to dismiss count 6 of the complaint which alleges that
15 IndyMac Mortgage failed to adequately respond to his "qualified written request" in violation
16 of RESPA, 12 U.S.C. § 2605(e), (f).  Under RESPA, a servicer must provide certain
17 information upon written request "for information relating to the servicing of such loan." Id.
18 § 2605(e)(1)(a). "Servicing" is defined as "receiving any scheduled periodic payments from
19 a borrower pursuant to the terms of any loan . . . and making the payments of principal and
20 interest and such other payments with respect to the amounts received from the borrower as
21 may be required pursuant to the terms of the loan." Id. § 2605(i)(3).

22 Diamond's qualified written request asked IndyMac Mortgage to (1) specify whether
23 the April 10, 2009 conveyance from IndyMac Federal was an assignment, sale or transfer,
24 (2) to identify the name, address and telephone number of the note holder, and (3) to produce
25 the documentation regarding the current status of his loan including the loan modification
26 agreement.

27 Although IndyMac Mortgage concedes that request number 3 falls within the bounds
28 of the term "servicing," Motion to Dismiss at 9, its only response was to send a copy of

Diamond's payment history. This provided no information as to the current status of the loan modification agreement. Not only did IndyMac Mortgage fail to provide the requested information, it also told Diamond that "[a]ny questions regarding your loan should be addressed directly to IndyMac Mortgage Services as we are responsible for the servicing of this loan. The investor should not be contacted directly." Complaint, exhibit L. Taking plaintiff's allegations as true, IndyMac Mortgage not only failed to provide the requested information, but also foreclosed any other opportunity of inquiry. IndyMac Mortgage's motion to dismiss count 6 is denied.

**VI**

Finally, OneWest Bank moves to dismiss count 1 (invalid notice of trustee's sale) and count 5 (rescission under TILA). Plaintiffs allege in count 1 that "OneWest had no record interest as successor beneficiary to appoint 'Quality Loan' as successor trustee with a power of sale," and therefore the notices of trustee's sale by Quality Loan are invalid. Complaint ¶ 92.

The deed of trust provides that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." Id., exhibit A. Plaintiffs cite no authority to support their position that an assignment of the beneficial interest in a deed of trust must be recorded to be valid. Moreover, plaintiffs present no authority that would require defendants to produce the original note or otherwise prove the identity of the current note holder before exercising their right to foreclose. Courts have consistently rejected the "show me the note" argument as a means to avoid foreclosure. See Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) and cases cited therein. We conclude that plaintiffs have failed to state a claim under count 1.

Matthew Diamond asserts in count 5 of the complaint that IndyMac Federal and OneWest Bank as assignee failed to provide him TILA disclosures in connection with the loan modification. Accordingly, he claims that he has a right to rescind the modification agreement and underlying loan. See 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(b)(1).

Generally, however, a loan modification does not require additional TILA disclosures, particularly where no new monies are advanced. 15 U.S.C. § 1635(e)(2). Plaintiff concedes that no new monies were advanced as part of the loan modification. He has failed to identify a basis upon which additional TILA disclosures were required. Therefore, we dismiss count 5 of the complaint.

In sum, defendants' motion to dismiss is granted in part and denied in part. The motion is granted with respect to all claims with the exception of count 6 (RESPA) against IndyMac Mortgage. OneWest Bank did not move to dismiss count 2 (breach of contract), count 3 (breach of the covenant of good faith and fair dealing), and count 7 (unjust enrichment) and therefore these claims remain viable.

**VII**

Having decided defendants' motion to dismiss, we now turn to plaintiffs' motion for preliminary injunction to enjoin the April 30, 2010 trustee's sale. As previously stated, we will consider (1) the likelihood of success on the merits, (2) the possibility of irreparable injury, (3) the balance of equities, and (4) the public interest. Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008).

We conclude that plaintiff has sufficiently demonstrated that he is likely to succeed on his claim that OneWest Bank breached the loan modification agreement by repudiating the agreement and rejecting plaintiff's payments. Documents evidencing the agreement are attached to the complaint and OneWest Bank presents no substantive argument to dispute its validity.

We also conclude that plaintiff is likely to succeed on the claim that IndyMac Mortgage failed to comply with RESPA requirements in responding to the qualified written request. Providing a payment history gave no information about the status of the loan modification agreement.

It is clear that plaintiff will likely suffer irreparable injury in the absence of an injunction and the sale of his residence. The balance of hardship and the public interest also weigh in plaintiff's favor. As we have stated, a trustee's sale would deprive plaintiff of his

home. Defendants have failed to allege any comparable hardship that they would suffer. The public interest is served by affording homeowners the opportunity to pursue facially valid claims before their homes are sold. If defendants ultimately prevail on the claims, a trustee's sale can be held at that time.

Defendants request that we require plaintiffs to post a bond in excess of $100,000 in the event an injunction is granted. They assert that plaintiffs have not made a payment on the note since February 2009, and that the litigation will likely last an additional 18 to 24 months.

First, according to our Rule 16 scheduling order, this case will conclude no later than June 14, 2011. In addition, in March 2009 plaintiff presented payment, but it was rejected. Notwithstanding the posting of a bond, OneWest Bank maintains its primary security in the property itself. Nevertheless, but for OneWest's repudiation of the loan agreement, plaintiff is obligated to make monthly payments under the note. Therefore, we set bond in the amount of $30,000 to compensate defendants in the event the injunction is later found to have been erroneously issued. See Fed. R. Civ. P. 65(c).

## VIII

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss (doc. 19). The only claims remaining in this action are count 6 (RESPA) against IndyMac Mortgage, and count 2 (breach of contract), count 3 (breach of covenant of good faith and fair dealing), and count 7 (unjust enrichment) against OneWest Bank.

**IT IS FURTHER ORDERED GRANTING** plaintiff Matthew Diamond's motion for preliminary injunction (doc. 52). OneWest Bank is immediately enjoined from authorizing a trustee's sale of plaintiff's property pending the outcome of this case. This order binds the parties, their officers, agents, servants, employees, and attorneys, including but not limited to the trustee under the deed of trust. Plaintiff shall have thirty days from the date of this order to post a bond in the amount of $30,000 in favor of defendants IndyMac Mortgage and OneWest Bank.

A hearing was not necessary for our consideration of the motion for preliminary injunction, therefore **IT IS ORDERED DENYING** plaintiffs' motion for expedited hearing (doc. 59).

DATED this 29th day of April, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge